UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Cause No. 3:08-CV-109 RM |
| | ) | |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

Petitioner Eric Smith, a prisoner confined at the Indiana State Prison ("ISP"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he hasn't received earned credit time for completing a bachelor's degree and other programs. The respondent asserts that the petitioner hasn't submitted a request to the Indiana Department of Correction to receive educational credit time and that he has not exhausted his available state court remedies. The petitioner concedes that he hasn't tried to present this claim to the state courts but asserts that he "contacted the Parole Board to no avail, and appealed to [the ISP Superintendent] about the breach of his verbal agreement with Smith [to complete anger management]." (Petition at p 1).

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. Howard v. O'Sullivan, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state's highest court before seeking federal review of these claims. The doctrine of

procedural default precludes a federal court from reaching the merits of a habeas petition if (1) the claim was presented to the state courts, and the state court ruling rested on independent and adequate state procedural grounds, or (2) the petitioner did not fairly present his federal claim to the appropriate state courts, and those state courts would now hold the claim procedurally barred. Perruquet v. State, 390 F.3d 505, 514 (7th Cir. 2004).

Once a claim is procedurally defaulted, a federal court will not address the merits of that claim unless the petitioner can show both cause for the default and prejudice resulting from the failure to obtain review on the merits. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). To show cause and prejudice, the petitioner must demonstrate that an external impediment blocked the petitioner from asserting his claim in state court, and that the resulting errors worked to the petitioner's actual disadvantage, infecting the entire trial with errors of a constitutional dimension. Lewis v. Stearns, 390 F.3d 1019, 1026 (7th Cir. 2004), citing U.S. v. Frady, 456 U.S. 152, 170 (1982). "Absent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice,' that is, where 'a constitutional violated has probably resulted in the conviction of one who is actually innocent.'" Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999), quoting Murray v. Carrier, 477 U.S. 478, 495-496 (1986).

Mr. Smith concedes that he has not presented this claim to the state courts in any fashion, but says he wrote to the parole board and complained to the facility superintendent. The parole board and the superintendent are not "courts" within the meaning of § 2254(b)(1)(A). Accordingly, if the State of Indiana has an available remedy for the problem Mr. Smith complains of, the court must deny this petition without prejudice for failure to exhaust those remedies.

Mr. Smith asserts that he has not received earned credit time for the completion of a bachelor's degree program, substance abuse program, an anger management course, and other courses in violation of Indiana Code § 35-50-6-3.3. The Indiana courts have addressed claims that prisoners have not received earned credit time for completing Indiana Department of Correction programs. <u>Diaz v. State of Indiana</u>, 753 N.E.2d 724 (Ind.Ct. App. 2001) (dealing with the educational credit time for the completion of a substance abuse program); <u>Miller v. Walker</u>, 655 N.E.2d. (Ind. 1995) (addressing the computation of educational credit time). Because the Indiana courts will address claims of non-receipt of educational credit time, the court must deny this petition.

For the foregoing reasons, the court the court DENIES this petition, without prejudice, pursuant to 28 U.S.C. § 2254(b)(1)(A).

SO ORDERED.

DATED: July  22 , 2008

                                         /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United States District Court