UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC D. SMITH,                    )
                                  )
            Petitioner            )
                                  )
      v.                          )        Cause No. 3:08-CV-109 RM
                                  )
SUPERINTENDENT, INDIANA           )
STATE PRISON,                     )
                                  )
            Respondent            )

OPINION AND ORDER

Petitioner Eric Smith, a prisoner confined at the New Castle Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he hasn't received earned credit time for completing a Bachelor's Degree and other programs. The court denied his petition for writ of habeas corpus because he hasn't exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A) .

Mr. Smith has filed a motion for relief from judgment asserting that the court erred "when it found Smith did not exhaust his State Remedies and when it ruled that Smith even had to." (Docket #23 at p. 1).

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted).

"A motion to alter or amend judgment must be filed no later than 10 days after the

entry of judgment." FED. R. CIV. P. 59(e). Pursuant to the "mailbox" rule established in Houston v. Lack, 487 U.S. 266 (1988), which provides that a prisoner's submissions to the court are to be deemed as "filed" on the date he delivers them to prison authorities for forwarding to the district court, the court will treat the petitioner's motion as a motion to alter or amend judgment pursuant to FED. R. CIV. P. 59(e).

Mr. Smith argues that he didn't need to exhaust his state court remedies before filing his petition for writ of habeas corpus. He cites Preiser v. Rodriguez, 411 U.S. 475, 501 (1973), for the proposition that a petition for a writ of habeas corpus under 28 U.S.C. § 2254 is the "sole remedy" for prisoners challenging the fact or duration of their confinement. The passage Mr. Smith cites, however, stands for the proposition that a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights action pursuant to 42 U.S.C. § 1983, is the proper way for state prisoners to challenge their confinement in federal court, not for the proposition that federal courts have exclusive jurisdiction over challenges to the length and duration of their confinement. Indeed, Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State."

Mr. Smith argues alternatively in his motion to alter or amend judgment that he did exhaust his state court remedies. He notes in his petition that  he "contacted the Parole Board to no avail, and appealed to [the ISP Superintendent] about the breach of his verbal agreement with Smith [to complete anger management]." (Petition at p 1). He also asserts that he filed a state petition for writ of habeas corpus (docket # 14-2 at p. 3), but that the

trial court dismissed that petition without reaching the merits, and the Indiana Court of Appeals dismissed his appeal. But the proper avenue for Indiana prisoners to challenge the denial of Educational Credit Time is via a petition for post-conviction relief after the inmate has exhausted his administrative remedies. <u>See</u> <u>Young v. State</u>, 888 N.E. 2d 1255 (2008). Indiana courts haven't reviewed his claims on the merits, and Mr. Smith might still be able file a petition for post-conviction relief. Because the Indiana courts will address claims of non-receipt of educational credit time in a properly filed petition for post-conviction relief, Mr. Smith has available state court remedies.

For the foregoing reasons, the court the court DENIES the petitioner's motion for relief from judgment (docket #23).

SO ORDERED.

DATED: February  4 , 2009

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court