UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC D. SMITH, )
)
    Petitioner )
)
v. ) Cause No. 3:08-CV-109 RM
)
SUPERINTENDENT, INDIANA )
STATE PRISON, )
)
    Respondent )

## OPINION AND ORDER

Petitioner Eric Smith, a prisoner confined at the New Castle Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he hasn't received earned credit time for completing a Bachelor's Degree and other programs. The court denied his petition for writ of habeas corpus because he hasn't exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).

Mr. Smith has moved to reopen this case, asserting that he has filed a petition for post-conviction relief, but that "it is going on five months and the state court still hasn't done anything in my case as the post-conviction rules require." (Docket #26, p. 2). Mr. Smith argues that this court may "dispose of the exhaustion requirement because of delay on the part of the state or manifest injustice to me." Id..

Under certain circumstances, undue delay by a state court can be the basis to excuse a failure to exhaust state remedies. For example, in Lowe v. Duckworth, 663 F.2d 42 (7th Cir. 1981), the court of appeals held that when a motion for post conviction relief remained dormant in the state court for three years, dismissal of a petition for habeas corpus was erroneous. The court found that to proceed to the merits of the habeas petition, the delay

must be both inordinate and unjustifiable. Lowe v. Duckworth, 663 F.2d at 43. "Where state court delay is inordinate, the district court must hold a hearing to determine whether the delay is justifiable. If it is not justifiable, the court must hear the habeas petition on it merits." Id. There is, of course, no bright line rule that determines when a delay passes from "reasonable" to "inordinate."

A three-year delay in dealing with a petition for post-conviction relief is inordinate; a delay of "going on five months" is not. At this point, Mr. Smith hasn't demonstrated that he is without an adequate state remedy and that the outcome in the state court is "preordained or otherwise futile." Cruz v. Dwight Correctional Center, 907 F.2d 665, 668 (7th Cir. 1990); Deters v. Collins, 985 F.2d 789, 794 (5th Cir. 1993). Section 2254(b) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant.

For the foregoing reasons, the court the court DENIES the petitioner's motion to reopen this case. (docket #26).

SO ORDERED.

DATED: September  1 , 2009

                                  /s/ Robert L. Miller, Jr.
                                 Chief Judge
                                 United States District Court

cc: E. Smith